Rees
v.
Overbaugh.

## REES *against* OVERBAUGH.

The plaintiff's attorney, in declaring on a bond from which the seals had been torn by mistake, inadvertently made profert and gave oyer, and went to trial, on *non est factum*, where the objection was taken, for the variance; but the circuit judge reserved the point, and the verdict being for the plaintiff, this with other points were put into a case with a view to move for a new trial; and, on motion, before the case was argued, it not appearing that the defendant had been misled by the form of declaring, the plaintiff was allowed to amend, by adapting his declaration to the fact.

DEBT on bond, from which the seals had been torn off by mistake. The plaintiff's attorney inadvertently made profert of the bond in the declaration; and served a copy of the bond on the defendant's attorney, thus treating it as a perfect bond; and he went to trial on the plea of *non est factum*. At the trial, before Judge WALWORTH at the last Montgomery Circuit, the defendant's counsel objected that the bond being without the original seals was not evidence under the declaration; that the plaintiff, instead of making *profert*, should have excused himself from doing this, upon the circumstances, and have shown the excuse by the declaration. The Judge refused to nonsuit the plaintiff on the ground that the profert was mere matter of form, and might be amended on application to the Supreme Court; and he permitted the plaintiff to show in evidence how the seal was torn off. This being done, a verdict was found for the plaintiff. The defendant made a case containing this and other points, upon which he purposed to move for a new trial.

*M. T. Reynolds*, for the plaintiff, now moved to amend, by adapting the declaration to the case made in evidence; and he relied, mainly, on *Sargent v. Dennison*, (2 Cowen's Rep. 515.)

*A. Conkling*, contra, said this was the common case of a mistake in the form of declaring. The attorney supposed this to be the correct mode. The objection was taken upon the trial, and overruled by the Judge upon a speculation of what the Supreme Court would do upon a motion to amend. A case is made, and it is a very clear one upon this point, and presents a verdict, in other respects, not only against law, but against evidence. Take the case of fraud, and no *scienter* alleged in declaring; yet the Judge admits evidence to show the *scienter* upon the ground which he took here: would the Court allow the plaintiff's attorney to

amend? We have no objection to the amendment, if it be on the terms of giving us a new trial.

[SUTHERLAND, J. Suppose this the only point in your case, upon which we should grant you a new trial, clearly the plaintiff might then move to amend, before going down to a second trial.]

*Conkling,* cited *Paine* v. *Bustin,* (1. Starkie, 74,) which he said was in point, against the motion.

*Reynolds,* in reply, said it was not proper here to speak of the merits. As to form, he certainly did not ask the Court to go so far as they had done in *Sargent* v. *Dennison.* If he had averred the loss, he need not even have given a copy of the bond ; so that the mistake was a benefit to the defendant. Giving oyer entitled him to a copy, and he had it. The whole is a mere quibble about form. There is no pretence of the defendant being misled. To entitle him to a new trial, he should show an injury ; not a possibility of one.

[SUTHERLAND, J. May we not allow you the amendment on the argument of the case? Will it not be the same thing to you if allowed then? The proceedings must probably be stayed till that time.]

*Reynolds.* It will not be the same thing ; because the parties there cannot be put to show, on affidavit, whether the defendant was misled by the omission. We may there hear it urged that he was injured; and perhaps this will be intended in the absence of explanation. We here call on him to show the injury; and he has a chance to speak. Besides, if we amend, it is on payment of costs ; and they will go on increasing, to the argument of the case.

[WOODWORTH, J. Here could not possibly have been any surprise upon the defendant; and I think you are entitled to amend.]

ALBANY,
Feb. 1825.

Bank of Che-
nango
v.
Root.

Savage, Ch. J. was also inclined to grant the amend-
ment without farther examination; but

Conkling, expressing himself with considerable confi-
dence that the Court would find, on looking into the sub-
ject, that they had not yet gone so far, they took the papers
and delayed deciding the motion for the present; but at
another day,

*The Court* said they had examined the cases. The old
authorities were very strict, but had been entirely disregard-
ed of late. They thought that not only the case cited by
the plaintiff's counsel would bear out this amendment; but
the rule laid down in *Lyon, ex dem. Eden,* v. *Burtis,*
(18 John. Rep. 510, 512,) would fully justify it.

Motion granted.(a)

(a) Vid. 2 Archb. Pr. 235, 6.